**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:17CV-82-TBR**


**WILLIAM DALE WOOLUM**                                        **PETITIONER**

**v.**

**UNITED STATES OF AMERICA**                                  **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner William Dale Woolum, proceeding *pro se*, filed the instant petition captioned as a "PETITION UNDER AND PURSUANT TO, 'THE ALL WRITS ACT,' 28 U.S.C.S §1651, by either, []Common Law writ of 'Audita Querela,' or 'Habeas Corpus,' Under 28 U.S.C. § 2241, or, other all writs, that the Court may – deem proper and just, applicable to Defendant's plight" (DN 1) (emphasis by Plaintiff).   On June 28, 2017, the Court entered an Order directing the United States to file a response to the motion (DN 6).  The United States filed a response (DN 7), and Petitioner filed a reply (DN 8).

**PROCEDURAL BACKGROUND**

A federal grand jury indicted Petitioner on two counts of transmitting altered postal money orders while an inmate in Eddyville, Kentucky, in 1984.  *United States v. Woolum*, Criminal Action Number 5:84CR-21-TBR-2.  Petitioner was convicted in this Court on both counts in December 1984 and sentenced to a ten-year term of imprisonment to run consecutively with the state sentence he was then serving.  Petitioner appealed, and the Sixth Circuit affirmed the conviction.  *See United States v. Woolum*, No. 84-6126, 1985 U.S. App. LEXIS 25690 (6th Cir. Dec. 5, 1985).  Petitioner later filed a motion to alter, amend or vacate his sentence under 28 U.S.C. § 2255, which the Court denied on July 27, 1994.

Since then Petitioner has filed numerous post-conviction motions challenging his sentence, including his motion recent motion to amend judgment *nunc pro tunc* and request for hearing filed in his criminal action on September 12, 2016, filed by counsel. In the motion, Petitioner argued that his ten-year sentence in this Court should be amended to run concurrently with the state court sentence that he has now served. In support, he argued that the imposition of a consecutive sentence was harsh and excessive and that he was deserving of the requested relief in that he is now rehabilitated. However, the Court denied the motion finding that it lacked jurisdiction to modify Petitioner' sentence.

Upon review of the instant petition, it is evident that Petitioner is seeking the same relief as in his most recent motion to amend *nunc pro tunc* but now argues that the Court has jurisdiction under the All Writs Act, the common law writ of *audita querela*, or 28 U.S.C. § 2241.

### ANALYSIS

As this Court explained in its February 9, 2017, Memorandum Opinion and Order, a district court "does not have inherent power to resentence defendants at any time." *United States v. Martin*, 913 F.2d 1172, 1174 (6th Cir. 1990) (quoting *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir. 1988)). "As 'courts of limited jurisdiction,' federal courts 'possess only that power authorized by Constitution and statute' and may not expand that power 'by judicial decree.'" *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party seeking to invoke the court's jurisdiction, in this case Petitioner, "bears the burden of demonstrating that jurisdictional prerequisites have been met." *United States v. Streck*, 62 F. App'x 575, 577 (6th Cir. 2003) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990)). However,

none of the provisions cited by Petitioner in the instant petition provides a basis for this Court to exercise jurisdiction to modify Petitioner's sentence.

**All Writs Act**

The All Writs Act, codified at 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (emphasis added). It is a "residual source of authority to issue writs that are not otherwise covered by statute[, and w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)). In other words, the All Writs Act is not an independent grant of jurisdiction to a court but permits it to issue writs in aid of its jurisdiction the court independently possesses. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 943 (6th Cir. 2002) (holding that federal courts must have an independent basis for subject matter jurisdiction in order to issue a writ in aid of such jurisdiction under § 1651). Therefore, the All Writ Act itself does not confer jurisdiction to modify Petitioner's sentence.

**Audita querela**

Likewise, the writ of *audit querela* does not provide a basis for jurisdiction. The writ of *audita querela* is an old common law procedure which has been abolished by rule in civil cases. Fed. R. Civ. P. 60(b). The Supreme Court has held that Rule 60's abolition of the writ of *audita querela* is limited to civil cases. *Morgan v. United States*, 346 U.S. 502 (1954). Thus, federal courts have the authority to grant a writ of *audita querela* in a criminal case. However, this relief is extremely limited. *See Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004) (where the

court noted that the writ of *audita querela* "has no apparent relevance to criminal sentences"); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) (noting that the plaintiff's reliance upon a writ of *audita querela* was a "slender reed upon which to lean" and that "[i]t is an open question whether the obsolescent writ survives as a post-conviction remedy"); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) ("Our research has failed to discover any criminal case in which this writ has ever been asked for, let along issued; it appears to be primarily a remedy of judgment debtors.").

If *audita querela* relief does survive, it "is available in criminal cases only to the extent that it fills gaps in the current system of post-conviction relief." *Bohannon v. United States*, No. 15-6420, 2016 U.S. App. LEXIS 14755, at *6 (6th Cir. June 28, 2016); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). If a challenge could have been raised pursuant to 28 U.S.C. § 2255, the writ is not available since there would be no gap to fill. *Bohannon*, 2016 U.S. App. LEXIS 14755, at *6; *United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005). Furthermore, the fact that a prisoner's § 2255 motion is procedurally barred is not enough to allow relief under *audita querela*. *Frost v. Snyder*, 13 F. App'x 243, 248 (6th Cir. 2001) ("It is well settled that a petitioner's remedy under § 2255 is not inadequate merely because he is procedurally barred from filing a petition under § 2255, because the district court denied his § 2255 petition, or because he was denied permission to file a second petition under § 2255."); *United States v. Valdez-Pacheco*, 237 F.3d at 1080.

Furthermore, the Sixth Circuit has articulated that for *audita querela* relief to be available, the sentence under attack must be completed prior to such relief being granted. *Frost v. Snyder*, 13 F. App'x at 245 n.1; *see also Polk v. United States*, No. 11-1620, 2012 U.S. App. LEXIS 27042, at *3 (6th Cir. Jan. 31, 2012) (finding relief under *audita querela* could not be

4

granted before inmate had finished serving his sentence and had been released). Petitioner is presently incarcerated serving the sentence he is challenging, and the writ of *audita querela* therefore is not available in this case.

### § 2241

Likewise, 28 U.S.C. § 2241 does not provide a basis for jurisdiction. A federal defendant challenging his conviction and sentence must do so by way of a motion to vacate filed pursuant to 28 U.S.C. § 2255. Relief under § 2241 "is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). A federal prisoner may challenge his conviction and imposition of sentence under § 2241, rather than under § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. § 2255(e); *Charles*, 180 F.3d at 755-56. The petitioner bears the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Id*. at 756.

Once again, relief under § 2255 is not rendered inadequate or ineffective "simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). Rather, "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). In fact, the Sixth Circuit has noted that unless the petitioner made a claim of "actual innocence," no court has permitted him to bypass § 2255's

prohibition on second or successive applications by way of a § 2241 petition. *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Here, Petitioner is not entitled to seek § 2241 relief merely because his prior § 2255 motion was denied or because the one-year statute of limitations has long since passed. *Charles*, 180 F.3d at 758. Moreover, he has not made a claim of "actual innocence" of the crime for which he was convicted. An "actual innocence" claim requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). Therefore, Petitioner has failed to establish the Court's jurisdiction under § 2241.

### *§ 2255*

The Court notes that the Sixth Circuit has held that "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3)[1] authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). To the extent that the instant petition could be construed as a second or successive § 2255 motion and therefore transferred to the Sixth Circuit, Petitioner states in his petition that he challenges the validity of his sentence "with mindfulness of the United States position that § 2255 question of future use, is not applicable . . . ." Therefore, the Court concludes that Petitioner concedes that relief under § 2255 motion is no longer available. Based on this statement, the Court declines to construe the instant petition, filed decades after the one-year statute of limitations for filing a § 2255 motion expired, as a second or successive § 2255 motion.

---

[1] "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 244(b)(3)(A); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . .").

Accordingly, the Court again finds that it lacks jurisdiction to modify Petitioner's sentence, and the instant petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
        United States Attorney
4413.010